**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE ANTONIO GINORI-MONDRAGON,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 10-72662<br><br>Agency No. A088-451-749<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2011[**]

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

Jose Antonio Ginori-Mondragon, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals decision denying his applications

for withholding of removal and relief under the Convention Against Torture.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ginori-Mondragon contends that he will be persecuted in Mexico because his family members have been victims of drug cartel crime, and because he is a member of a social group consisting of Americanized Mexicans who return to Mexico. Substantial evidence supports the agency's conclusion that Ginori-Mondragon will not be persecuted in Mexico on account of violence that occurred when one of petitioner's cousins was allegedly killed by drug cartel members in May 2007, and another cousin was presumed dead because of his affair with a cartel leader's wife in 2009. *See Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000) (purely personal retribution is not persecution on account of a protected ground). In addition, Ginori-Mondragon did not establish that he was part of a cognizable social group consisting of Americanized Mexicans who will be targeted for violence. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting as a particular social group "returning Mexicans from the United States"). Accordingly, the BIA did not err in denying Ginori-Mondragon's application for withholding of removal.

Ginori-Mondragon also failed to establish that it was more likely than not that he would be tortured if returned to Mexico, and thereby he failed to establish eligibility for CAT protection. *See id.* at 1152.

**PETITION FOR REVIEW DENIED**.

10-72662